**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| VALERIE RICHARDSON,<br><br>               Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL PERSONAL<br>INSURANCE COMPANY,<br><br>               Defendant. | **DOCKET NO.:**<br><br>**(State Court No.: NNH-CV-25-6154915-S**) |

## NOTICE OF REMOVAL

Defendant Liberty Mutual Personal Insurance Company. ("Liberty Mutual") hereby gives notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the removal to this Court of the action commenced against it identified below, which is currently pending in the Superior Court for the Judicial District of New Haven, Connecticut.  Removal is appropriate because there is complete diversity between all properly joined parties and the amount in controversy exceeds the sum or value of $75,000.00.  Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

## THE ACTION

1.      Liberty Mutual is named in a suit filed by Plaintiff Valerie Richardson ("Plaintiff") in the Superior Court for the Judicial District of New Haven, captioned *Valerie Richardson v. Liberty Mutual Personal Insurance Company.*, Case No. NNH-CV-25-6154915-S (the "State Court Action").  *See* **Exhibit A** – Complaint.

2.      According to the state court docket, Plaintiff filed the Complaint on or around March 27, 2024.  *See* **Exhibit B** – *State Court Docket*.

3.      Thereafter, on April 7, 2025, Liberty Mutual was served with a copy of the Summons and Complaint, through its registered agent, CT Corporation System.  *See* **Exhibit C** – Return of Service.

### PROCEDURAL REQUIREMENTS FOR REMOVAL

4.      Removal is timely as Liberty Mutual removed the State Court Action to this Court within the statutorily defined time period for removal.  *See* 28 U.S.C. § 1446(b)(1) (requiring that removal take place "within 30 days after receipt by the defendant…of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…").  Liberty Mutual was not served with the Summons and Complaint until April 7, 2025.

5.      Liberty Mutual has not filed any pleadings or papers in the State Court Action, and the time for Liberty Mutual to answer, move to dismiss, or otherwise respond to Plaintiff's Complaint has not expired.  *See* Conn. Practice Book Sec. 10-8 ("Commencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings shall advance within thirty days from the return day. . .").

6.      The United States District Court for the District of Connecticut embraces the county in which the State Court Action was filed.  Accordingly, venue is proper under 28 U.S.C. §§ 101 and 1446(a).

7.      Pursuant to 28 U.S.C. § 1446(a) , Liberty Mutual will file certified copies of all pleadings, records, orders and proceedings from the Superior Court for the Judicial District of New Haven with this Court.  Contemporaneous with the filing of this Notice, Liberty Mutual will provide notice to Plaintiff and the Superior Court for the Judicial District of New Haven of this Removal.  *See* **Exhibit D** – *Notice of Filing of Notice of Removal*.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION

8.      This Action is within the original jurisdiction of the Unites States District Court pursuant to 28 U.S.C. § 1332 because the properly joined parties to this Action are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332. This Action satisfies both of these statutory requirements.

**A.      The Parties properly joined in this Action are completely diverse.**

9.      Plaintiff is a citizen of Connecticut with an address of 41 Maple Street, New Haven CT 06511.  *See* Ex. C, p. 3.

10.      Defendant Liberty Mutual is a corporation incorporated in the State of New Hampshire with a principal place of business at 175 Berkley Street, Boston, MA 02116. Accordingly for purposes of a diversity of citizenship analysis, Liberty Mutual is a citizen of New Hampshire.  *See* 28 U.S.C. 1332(c) (stating that a corporation is deemed to be a citizen of the state in which it is incorporated or in which it maintains its principal place of business).

11.      Because Plaintiff is a citizen of Connecticut and Liberty Mutual is a citizen of New Hampshire, complete diversity of citizenship exists between the parties.

**B.      The amount in controversy exceeds $75,000.00.**

12.      In calculating the amount in controversy, the Court should consider the total amount of monetary relief that Plaintiff seeks to recover, or the financial impact the relief sought would have on the Defendants.  *See Beacon Constr. Co. v. Matco Elec. Co., 521 F.2d 392, 399 (2d Cir.1975)* ("We agree with appellee that the amount in controversy is not necessarily the money

judgment sought or recovered, but rather the value of the consequences which may result from the litigation."). Further, "The general federal rule has long been to decide what the amount in controversy is from the complaint itself unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mut. Ins. Co*., 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961)*; Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir.2003); *see also*, *Price v. PetSmart, Inc.*, 148 F. Supp. 3d 198, 200–01 (D. Conn. 2015). ("If, however, a complaint does not state the requisite amount and if the amount is subject to dispute, then a court must determine by a preponderance of the evidence whether the amount in controversy exceeds the jurisdictional threshold.").

13.    In the Complaint, Plaintiff seeks compensatory and punitive damages as well as attorney's fees and interest pursuant to Connecticut General Statutes Sections 42-110 et. seq. and 38a-816 et. seq. These claims, based on the provisions of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Insurance Practices Act (CIPA), are substantial and place the amount in controversy over the threshold of $75,000. As such amount in controversy requirement for diversity jurisdiction is satisfied, in accordance with 28 U.S.C. § 1332.

<u>**CONCLUSION**</u>

14.    Based on the foregoing, the statutory requirements of 28 U.S.C. § 1332 are satisfied. Accordingly, this Court has jurisdiction over this Action.

15.    If any questions arise as to the proprietary of the removal of this matter, Liberty Mutual requests the opportunity to submit briefs and be heard at oral argument in support of its position that removal is proper.

16.    WHEREFORE, Liberty Mutual respectfully requests that this Court assume jurisdiction over this matter and that no further proceedings be held in the Superior Court for the Judicial District of New Haven.

Respectfully Submitted,

Liberty Mutual Personal Insurance Company,

By its attorney,

*/s/ Kevin P. Polansky*
Kevin P. Polansky, Esq. (BBO #667229)
kevin.polansky@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA  02111
Tel. (617) 217-4700
Fax (617) 217-4710

Dated: May 6, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, a copy of the foregoing was electronically filed via CM/ECF and served pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Connecticut on the following parties and their counsel:

*Attorneys for Plaintiff*

Michael P. D'Amico (436454)
D'Amico Law LLC
112 Hemingway Avenue
East Haven, CT 06512

*/s/ Kevin P. Polansky*
Kevin P. Polansky

5

# EXHIBIT A

RETURN DATE: APRIL 29, 2025         :         SUPERIOR COURT

VALERIE RICHARDSON         :         J.D. OF NEW HAVEN

VS.         :         AT NEW HAVEN

LIBERTY MUTUAL PERSONAL
INSURANCE COMPANY         :         MARCH 27, 2025

## COMPLAINT

**FIRST COUNT: (Direct Action per C.G.S §38a-321)**

    1.     At all relevant times mentioned herein, the Defendant, Liberty Mutual Personal Insurance Company (hereinafter "Defendant" or "Liberty") was and is an insurance company authorized to do business in the State of Connecticut.

    2.     At all relevant times mentioned herein, the Plaintiff, Valerie Richardson (hereinafter "Plaintiff") was and is a resident of the City of New Haven, County of New Haven and State of Connecticut.

    3.     At all relevant times mentioned herein, James J. Celentano (hereinafter "Celentano") was a covered person under an insurance policy issued by Liberty.

    4.     On February 20, 2025 the Plaintiff secured a jury verdict in the amount of $1,377,697.14 in the Superior Court for the Judicial District of New Haven, encaptioned Richardson Et. Al. v. Celentano, NNH-CV23-6132120-S (hereinafter "the Richardson Action").

    5.     The Court in Richardson additionally approved the Plaintiff's Bill of Costs and awarded Offer of Compromise interest pursuant to C.G.S. §52-192a.

    6.     The Richardson Action was commenced to recover for personal injuries incurred as a result of certain tortious actions or omissions alleged to have been committed by Celentano.

7.    Liberty is liable to the Plaintiff for all amounts due under this verdict pursuant to Connecticut General Statutes §38a-321.

**SECOND COUNT**: (Negligence)

1-7.    Paragraphs 1-7 of the First Count are hereby incorporated by reference and made paragraphs 1-7 of this Second Count.

8.    Liberty has acted negligently in discharging its duties to its insureds, when it could and should have resolved the Richardson Action within policy limits, and as a result is liable to the Plaintiff for the same.

**THIRD COUNT**: (Breach of Covenant of Good Faith and Fair Dealing)

1-8.    Paragraphs 1-8 of the Second Count are hereby incorporated by reference and made paragraphs 1-8 of this Third Count.

9.    Liberty has acted in bad faith in discharging its duties to its insured, when it could and should have resolved the Richardson Action within policy limits.

10.    Liberty's failures, decisions and actions were the result of its implementation of an unfair valuation policy which prioritized reduction of claim pay-outs above a fair evaluation of its insured's risks.

11.    This policy as set forth above offends public policy; is immoral, unethical and unscrupulous; and causes substantial injury to consumers of this insurance, as well as victims such as Celentano and the Plaintiff.

12.    The Defendant retained entire and exclusive control of the adjustment of the Richardson Action. Accordingly, it became the duty of the Defendant to act fairly and in good faith with regard to the interest of its insured in the settlement of the claim.

13.     The Defendant had an interested motive in refusing to pay fair and reasonable compensation to the Plaintiff within its insured's policy limits when it had the opportunity to do so in the Richardson Action given that it is an insurance company who profits from paying less money than the claim is worth.

14.     The Defendant's interested motive was the basis for its failure to settle the Richardson Action within its insured's policy limits when it had the opportunity to do so, thereby constituting a dishonest purpose.

**FOURTH COUNT**: (Violations of CUTPA/CUIPA)

1-14.     Paragraphs 1-14 of the Third Count are hereby repeated and re-alleged as Paragraphs 1-14 of this Fourth Count.

15.     At all times relevant hereto, Liberty was governed and regulated by the provisions of Connecticut General Statutes Section 38a-815 et.seq. and the provisions of Connecticut General Statutes Section 42-110b et.seq.

16.     The Defendant has violated Connecticut General Statutes Section 42-110b et. seq. by committing unfair and deceptive settlement practices in its business of insurance as prohibited by Connecticut General Statues Section 38a-815 et.seq in that the Defendant has engaged in unfair settlement practices under Connecticut General Statutes Section 38a-816(6), including but not limited to:

        a.     failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies;

        b.     not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

        c.     compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought such insureds;

     d.    refusing to pay claims without conducting a reasonable investigation based upon all available information; and

     e.    failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for a denial of a claim or for the offer of a compromise settlement.

17.    The Defendant has and continues to commit the acts referred to above as to the Plaintiff and as to other insureds and policyholders of the Defendant and its assignees, subsidiaries, successors and holding companies with such frequency as to constitute a general business practice of insurance misconduct in violation of Connecticut General Statutes Section 38a-815 et. seq.

18.    The Defendant's general business practice of insurance misconduct is further seen in the actions and lawsuits filed against the Defendant, its assignees, subsidiaries, successors and holding companies, including but not limited to: Krausman v. Liberty Mutual Insurance Company, Docket No. FST-CV17-6030945-S (Conn. Sup. Ct., filed Jan. 19, 2017); Karas v. Liberty Ins. Corp., Docket. No. 3:13CV01836 SRU, 2014 WL 3579524 (D. Conn. July 21, 2014); Roberts v. Liberty Mut. Fire. Ins. Co., No. 2:12CV00435 (D. Conn. Filed Apr. 1, 2013); Matthews v. Peerless, Docket No. 3:12cv01506 (D.Conn. Dismissed Oct. 4, 2013); Waters v. Liberty Mut. Grp., Inc., Docket No. 06-131 (Mass. Supp.); Belz v. Peerless Ins. Co., Docket No. 3:13cv01315 JCH, 2014 WL 4364914 (D. Conn. Sept. 2, 2014); Krawczyk v. Safeco, Docket No. HHD-CV10-6014028-S (Conn. Sup. Ct., filed Aug. 26, 2010); Williams v. Safeco, Docket No. FST-CV12-6016414-S (Conn. Sup. Ct., filed Dec. 4, 2012); Henry v. Lopez-Lopez Et. Al., Docket No. FST-CV19-6041329-S (Conn. Sup. Ct., filed May 3, 2019; and by numerous complaints on file with the State of Connecticut and the State of Massachusetts Insurance Departments concerning the Defendant, its assignees, subsidiaries, successors and holding companies including findings of delay by said Departments.

19.     As a result of the Defendant's actions as set forth above, the Plaintiff has suffered an ascertainable loss and has otherwise been harmed.

20.     Liberty's acts have violated this state's public policy, as codified at C.G.S. §38a-816, and under the common-law contracts of good faith.

21.     Liberty's acts are unscrupulous.

22.     Liberty's acts were performed in a trade or commerce.

23.     Liberty's acts constitute an unfair and/or deceptive trade practice, in violation of Connecticut General Statutes §42-110 et. seq., and as a result, the Plaintiff has been and will be harmed.

24.     A copy of this Complaint has been sent to the Attorney General and the Commissioner of Consumer Protection in accordance with Connecticut General Statutes §42-110g(c).

WHEREFORE, the Plaintiff claims:

1.    Compensatory damages;

2.    Punitive Damages;

3.    Costs of litigation, including attorney's fees as exemplary damages;

4.    Damages pursuant to Connecticut General Statutes Sections 42-110 et. seq. and 38a-816 et. seq.

5.    Interest; and

6.    Such other relief as the Court may deem fair, just and equitable.

THE PLAINTIFF,
VALERIE RICHARDSON

BY:_____
Michael P. D'Amico
D'Amico Law LLC
112 Hemingway Avenue
East Haven, CT  06512
Phone No.: (203) 824-2969
Fax No.: (203) 405-0308
Juris No.: 436454

6

RETURN DATE: APRIL 29, 2025       :       SUPERIOR COURT

VALERIE RICHARDSON       :       J.D. OF NEW HAVEN

VS.       :       AT NEW HAVEN

LIBERTY MUTUAL PERSONAL
INSURANCE COMPANY       :       MARCH 27, 2025

## STATEMENT RE: AMOUNT IN DEMAND

The amount, legal interest or property in demand in this case is greater than Fifteen Thousand Dollars ($15,000) exclusive of interest and costs.

THE PLAINTIFF,
VALERIE RICHARDSON

BY: _____

Michael P. D'Amico
D'Amico Law LLC
112 Hemingway Avenue
East Haven, CT 06512
Phone No.: (203) 824-2969
Fax No.: (203) 405-0308
Juris No.: 436454

7

# EXHIBIT B



## State of Connecticut Judicial Branch
# Superior Court E-Filing



E-Services Home
-
E-Services Inbox (1329)
-
Superior Court E-Filing
  Civil/Family
  Housing
  Small Claims
-
E-File a New Case
-
E-File on an
Existing Case
  By Docket Number
  By Party Name
  List My Cases
-
Court Events
  By Date
  By Juris Number
  By Docket Number
-
Short Calendars
  Markings Entry
  Markings History
  My Short Calendars
  By Court Location
  Calendar Notices
-
My Shopping Cart (0)
My E-Filed Items
-
Legal Notices
-
Pending
Foreclosure Sales
-
Search By Property Address

**We are experiencing issues completing credit card transactions for filers using Safari browsers. At this time, if you are an attorney or firm using Safari as your browser, please either use a different browser or pay by check. Self-represented parties should also use a browser other than Safari if possible or should file any cases or motions which require a fee on paper with the Court Clerk. Thank you for your patience.**

Attorney/Firm: **KEVIN PATRICK POLANSKY (434359)**    E-Mail: **kevin.polansky@nelsonmullins.com**    Logout

**NNH-CV25-6154915-S  RICHARDSON, VALERIE v. LIBERTY MUTUAL PERSONAL INSURANCE COMPANY**
**Prefix/Suffix:** [none]    **Case Type:** C20    **File Date:** 04/22/2025    **Return Date:** 04/29/2025

| Case Detail | Notices | History | Exhibits | Scheduled Court Dates | Help Manual |
|---|---|---|---|---|---|

To receive an email when there is activity on this case, click here.

**Select Case Activity:**  [ E-File a Pleading or Motion ▼ ]  [ Go ]

**Information updated as of:** 05/05/2025

| Case Information |
|---|

| | |
|---|---|
| **Case Type:** | C20 - Contracts - Insurance Policy |
| **Court Location:** | New Haven JD |
| **List Type:** | No List Type |
| **Trial List Claim:** | |
| **Last Action Date:** | 05/01/2025  (The "last action date" is the date the information was entered in the system) |

| Disposition Information |
|---|

| | |
|---|---|
| **Disposition Date:** | |
| **Disposition:** | |
| **Judge or Magistrate:** | |

| Party & Appearance Information |
|---|

| Party | | No Fee Party | Party Category | Party Type |
|---|---|---|---|---|
| **P-01  VALERIE RICHARDSON** | | | Plaintiff | Person |
| **Attorney:** MICHAEL P D AMICO (436454) | File Date: 04/22/2025 | | | |
| ! NEW  D'AMICO LAW LLC | | | | |
| 112 HEMINGWAY AVENUE | | | | |
| EAST HAVEN, CT 06512 | | | | |
| **D-01  LIBERTY MUTUAL PERSONAL INSURANCE COMPANY** | | | Defendant | Firm or Corporation |
| **Attorney:** KEVIN PATRICK POLANSKY (434359) | File Date: 05/01/2025 | | | |
| ! NEW  ONE FINANCIAL CENTER | | | | |
| SUITE 3500 | | | | |
| BOSTON, MA 02111 | | | | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

If there is an 🌐 in front of the docket number at the top of this page, then the file is electronic (paperless).

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

| Motions / Pleadings / Documents / Case Status | | | | |
|---|---|---|---|---|
| Entry No | File Date | Filed By | Description | Arguable |
|  | 04/22/2025 | P | **SUMMONS** 📝 ! NEW |  |
|  | 04/22/2025 | P | **COMPLAINT** 📝 ! NEW |  |
|  | 05/01/2025 | D | **APPEARANCE** 📝 ! NEW Appearance |  |
| 100.30 | 04/22/2025 | P | **RETURN OF SERVICE** 📝 ! NEW | No |
| 101.00 | 05/01/2025 | P | **NOTICE** 📝 ! NEW of service of nonstandard discovery | No |

| Scheduled Court Dates as of 05/05/2025 | | | | |
|---|---|---|---|---|
| NNH-CV25-6154915-S - **RICHARDSON, VALERIE v. LIBERTY MUTUAL PERSONAL INSURANCE COMPANY** | | | | |
| # | Date | Time | Event Description | Status |
|  |  |  | No Events Scheduled | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed.  To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.
This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information is displayed and is available for inquiry on this website for a period of time, one year to a maximum period of ten years, after the disposition date. To the extent that Connecticut Practice Book Sections 7-10 and 7-11 provide for a shorter period of time, this information will be displayed for the shorter period.

In accordance with the Federal Violence Against Women Act of 2005, cases involving relief from physical abuse (restraining orders), civil protection orders, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Pursuant to section 47a-26j of the Connecticut General Statutes, certain eviction cases will be removed from this website 30 days after disposition or other final activity of the case.

Copyright © 2025, State of Connecticut Judicial Branch

# EXHIBIT C



**null / ALL**
**Transmittal Number: 31159248**
**Date Processed: 04/07/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Janet Nolan<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Personal Insurance Company<br>Entity ID Number  2541561 |
| **Entity Served:** | Liberty Mutual Personal Insurance Company |
| **Title of Action:** | Valerie Richardson vs. Liberty Mutual Personal Insurance Company |
| **Matter Name/ID:** | Valerie Richardson vs. Liberty Mutual Personal Insurance Company (17145118) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | New Haven County Superior Court, CT |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC:** | 04/07/2025 |
| **Answer or Appearance Due:** | 04/29/2025 |
| **Originally Served On:** | CT Insurance Commissioner on 04/01/2025 |
| **How Served:** | Certified Mail |
| Sender Information: | D'Amico Law LLC<br>203-824-2969 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

## *STATE OF CONNECTICUT*
## OFFICE OF INSURANCE COMMISSIONER

This is to certify that the foregoing is a copy of a process served upon me, a person in the office of the Insurance Commissioner of Connecticut, designated by him, pursuant to the statute in such cases made and provided, as one upon whom, in his absence, service of process may be made, upon an insurance company, corporation or association, with the same force and effect as though made on such commissioner personally.

April 01, 2025                                                                         1:40 pm

_Insurance Commissioner_



## *STATE OF CONNECTICUT*
## OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

LIBERTY MUTUAL PERSONAL INSURANCE CO
CORPORATION SERVICE COMPANY
GOODWIN SQUARE
225 ASYLUM STREET, 20TH FLOOR
HARTFORD, CT 06103

**Pursuant to the statute in such cases made and provided, I forward herewith a copy of the process served as set forth in the certificate thereto attached.**

**Respectfully yours,**

_Insurance Commissioner_

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | ( 203 ) 503 − 6800 | 04/29/2025 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: | **New Haven** | Major: **C** | Minor: **20** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| D'Amico Law LLC, 112 Hemingway Avenue, East Haven, CT 06512 | 436454 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 203 ) 824 − 2969 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* attorney@damicoinjurylaw.com |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name:    Richardson, Valerie<br>Address: 41 Maple Street, New Haven, CT 06511 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name:    Liberty Mutual Personal Insurance Company<br>Address: c/o Insurance Commissioner, 153 Market Street, Hartford, CT 06103 | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 03/27/2025 | Signed *(Sign and select proper box)* ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing Michael D'Amico, Esq. | For Court Use Only File Date |
|---|---|---|---|

| If this summons is signed by a Clerk: | | |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals

   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* – Products Liability Including Warranty |
| | V 09 | Motor Vehicle* – All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

# EXHIBIT D

| NNH-CV-25-6154915-S | : | SUPERIOR COURT |
|---|---|---|
| VALERIE RICHARDSON | : | J.D. OF NEW HAVEN |
| v. | : | AT NEW HAVEN |
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY | : | May 6, 2025 |
| | : | |

## <u>NOTICE OF FILING FOR REMOVAL TO FEDERAL COURT</u>

Please take notice that, on May 6, 2025, Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual") filed a Notice of Removal in the United States District Court for the District of Connecticut seeking the federal court to assume jurisdiction over the instant matter pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446. A copy of Liberty Mutual's Notice of Removal is attached hereto as **Exhibit A.**

Dated: May 6, 2025             Respectfully submitted,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (434359)
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, MA 02111
(617) 217-4720 (Telephone)
(617) 217-4710 (Fax)
kevin.polansky@nelsonmullins.com
*Attorney for Liberty Mutual Personal Insurance Company*

### CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, a copy of the foregoing Notice of Filing for

Removal to Federal Court was electronically filed and served to all counsel of record via this

Court's online filing system.

*/s/ Kevin P. Polansky*
Kevin P. Polansky